IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 20-cv-3246-RMR

R.M.K.

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER

This case is before the Court pursuant to 42 U.S.C. § 405(g), to review a decision of the Commissioner of Social Security denying Plaintiff RMK's claim for Supplemental Security Income Benefits. For the reasons stated herein, this case is **REVERSED** and **REMANDED** to the Commissioner for an immediate award of benefits to R.M.K.

The Plaintiff's request for benefits has been pending for over twelve years. Plaintiff applied for benefits on May 20, 2010. Following an unfavorable decision, the Plaintiff appealed, and, in 2014, Plaintiff's case was remanded on the merits. The ALJ then issued another unfavorable decision. Following a second appeal, the Plaintiff's case was again

Case 1:20-cv-03246-RMR   Document 28   Filed 07/06/22   USDC Colorado   Page 2 of 5

remanded, this time as a result of a request for voluntary remand by the Commissioner. In October 2019, the ALJ issued a third unfavorable decision, which is before this Court.

On June 17, 2021, the Commissioner filed a motion in this action seeking remand *yet again* pursuant to sentence four of 42 U.S.C. § 405(g). ECF 20. The Commissioner's motion did not include substantive argument. In considering the motion for remand, the Court first took into consideration the length of time that the Plaintiff's case has been pending. Because the matter has been pending for over a decade, the Court found that this factor weighed against a remand. The Court then considered whether additional facts or issues remained to be determined by the ALJ. Because the Commissioner failed to include any argument or analysis in its motion for remand, the Court could not determine what purpose additional factfinding would serve. The Court therefore found that this factor also weighed against a remand. Finally, the Court acknowledged that the ALJ made the determination that the Plaintiff was not disabled at Step Five, where the Commissioner bore the burden of proof. The Court found that this also weighed against remand. The Court therefore denied the Commissioner's motion for remand and set a briefing schedule on the merits of the Plaintiff's claim.

In its response to the Plaintiff's opening brief, the Commissioner *again* asks the Court to remand this case. The Commissioner concedes many of the errors alleged by the Plaintiff, but it argues that the appropriate result is a remand for further proceedings. The briefing makes no mention of this Court's denial of the Commissioner's earlier motion for remand, nor does it engage in any way with the standard applied or the concerns

raised by the Court in its order thereon. The Commissioner's brief does not address the length of time that the Plaintiff's case has been pending. Nor does the Commissioner's brief address the Plaintiff's argument—and this Court's observation—that the ALJ erred at Step Five of the analysis, where the Commissioner bears the burden.

The Commissioner seeks a second (or possibly third or fourth) bite at the apple. Having failed to satisfactorily support its request for remand the first time, it now seeks that same relief again, offering only slightly more support for its request. The Court's prior order denying remand was clear. The second request for remand in light of the Court's clear order—without even a mention of that order—was unnecessary and certainly was not an efficient use of the Commissioner's or the Court's resources. As this Court already held, the Commissioner is not entitled to remand. Even if the Court had not already denied the Commissioner's motion for remand, the Commissioner's motion would still be unpersuasive.

The Commissioner does not ask the Court to affirm the ALJ's decision. It concedes that reversal is appropriate, but it asks the court to remand for further proceedings. When reversing the Commissioner's decision, the court may either remand a case for further proceedings or direct an immediate award of benefits. *Talbot v. Heckler*, 814 F.2d 1456, 1465 n. 6 (10th Cir.1987). The decision is committed to the sound discretion of the court. *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir.1993) ("When a decision of the Secretary is reversed on appeal, it is within this court's discretion to remand either for further administrative proceedings or for an immediate award of benefits.")

The Tenth Circuit—and this Court—has already explained that the Commissioner is not entitled to adjudicate a case "*ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion." *Sisco v. U.S. Dep't of Health & Hum. Servs.*, 10 F.3d 739, 746 (10th Cir. 1993). Indeed, Courts in this district have refused to remand cases that were pending for less than half of the time that Plaintiff's has been pending. *See Thaete v. Shalala*, 826 F. Supp. 1250, 1252 (D. Colo. 1993) (denying request to remand where Plaintiff's claim had been in front of the ALJ twice and was pending for five years). So, too, have courts determined that remand is not appropriate where the ALJ erred at Step Five. *Ragland*, 992 F.2d at 1060 ("In light of the Secretary's patent failure to satisfy the burden of proof at step five, and the long delay that has already occurred as a result of the Secretary's erroneous disposition of the proceedings, we exercise our discretionary authority to remand for an immediate award of benefits.").

The Commissioner's request here is identical to the Commissioner's earlier request, which has already been denied by this Court. The Court, in its discretion, finds that yet another remand is not appropriate here. For the reasons herein, and for the reasons stated in this Court's order at ECF 25, the Commissioner's request for remand is denied. The decision of the ALJ is **REVERSED**, and the case is **REMANDED** for

an immediate award of benefits.

DATED:  July 6, 2022

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge
